VIRGINIA:

IN THE CIRCUIT COURT FOR PRINCE WILLIAM COUNTY

| | |
|---|---|
| KEVIN D. RUFF and<br>KIM L. RUFF<br>3313 Upton Road<br>Baltimore, MD  21234<br><br>       Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, INC.<br>3440 Wilshire Boulevard, 3rd Floor<br>Los Angeles, California  90010<br>    Serve:<br>    The Corporation Trust Incorporated<br>    300 E Lombard Street<br>    Baltimore, MD  21202<br><br>and<br><br>DEUTSCHE BANK NATIONAL<br> TRUST COMPANY<br>300 S. Grand Avenue, Suite 3950<br>Los Angeles, CA  90071-3125<br><br>And<br><br>IMPAC FUNDING CORPORATION D/B/A<br>IMPAC LENDING GROUP<br>19500 Jamboree Road<br>Irvine, California  92612<br>    Serve:<br>    The Corporation Trust Incorporated<br>    300 E Lombard Street<br>    Baltimore, MD  21202<br><br>       Defendants. | Case No.: _____ |

## AMENDED COMPLAINT



EXHIBIT C-1

## Nature of Claim

NOW Comes Plaintiffs, Kevin D. Ruff and Kim L. Ruff, by and through their undersigned counsel, and file this Amended Complaint against Defendants, Countrywide Home Loans, Inc. (hereinafter "Countrywide") and Deutsche Bank National Trust Company (hereinafter "Deutsche Bank"), hereby states, declares and alleges as follows:

1. Plaintiffs Kevin and Linda Ruff, being low-income homeowners, bring this action against the Defendants with whom they unknowingly entered into an exorbitantly-priced mortgage loan. Plaintiffs seek to enforce their right to rescind a consumer credit transaction, to void the Defendants' security interest in the Plaintiffs' home, and to recover actual damages, statutory damages, punitive damages, reasonable attorney's fees, and the costs of this action against the Defendants for multiple violations of the Truth-in-Lending Act, 15 U.S.C. §§ 1601, et seq. and 1640(a) (hereinafter "TILA"), Federal Reserve Board Regulation Z, 12 C.F.R. § 226 (hereinafter Reg. Z), the Home Equity Protection Act, 15 U.S.C. §§ 1602(aa) and 1639 (hereinafter "HOEPA"), the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 to 2617 (hereinafter "RESPA"), Regulation X, 24 C.F.R. § 3500.1 et seq. (hereinafter Reg. X), and of Maryland Statutory and common law.

## Parties

2. Plaintiffs Kevin D. Ruff and Kim L. Ruff are natural persons who, at all times relevant, resided at 3313 Upton Road, Parkville, MD 21234 (hereinafter the "Property"), and who are consumers as defined in TILA and Reg. Z.

3. Plaintiffs are borrowers as defined in RESPA and Reg. X.

4. The Plaintiffs' loan with Countrywide is a HOEPA loan as defined in 15 U.S.C. § 1640(e); 15 U.S.C. § 1639 et seq., and Reg. Z.

5. Defendant Countrywide, at all times relevant, was a Corporation engaged in business in the State of Maryland, who in the ordinary course of its business, regularly extended, or offered to extend, consumer credit for which finance charge is or may be imposed, or which, by written agreement, is payable in more than four installments.

6. Defendant Deutsche Bank, at all time relevant, was a Corporation engaged in business in the State of Maryland.

7.  Defendant Impac Funding Corporation d/b/a Impac Lending Group (hereinafter "Impac") is a corporation organized under the laws of the State of California, with a principal place of business at 19500 Jamboree Road, Irvine, CA 92612. Defendant Impac, at all relevant times, was engaged in business in the State of Maryland.

## Jurisdiction and Venue

8.  This Court has jurisdiction and venue of the state and federal claims in this action since the Plaintiffs property is located in Baltimore County, Maryland.

9.  Plaintiffs are residents of Maryland and Defendants interacted with Plaintiffs and conducted business within Baltimore County, Maryland.

## Statement of Facts

10. On or about January 31, 2007, Plaintiffs entered into a consumer credit transaction (hereinafter "the transaction") with Impac Funding Corporation d/b/a Impac Lending Group (hereinafter "Impac") in which the extended consumer credit was subject to a finance charge and which was initially payable to Impac.

11. A true and accurate copy of the credit agreement evidencing the transaction is attached hereto, marked PLAINTIFF'S EXHIBIT A, and by this reference is incorporated herein.

12. As part of this consumer credit transaction, the Impac retained a security interest in the Property, which is Plaintiffs' home.

13. A true and accurate copy of the mortgage evidencing Impac's security interest is attached hereto, marked PLAINTIFF'S EXHIBIT B, and by this reference is incorporated herein.

14. Upon information and belief, and without Plaintiffs' knowledge, Impac grossly inflated Plaintiffs' income on the 10-03 loan application in order to obtain approval for Plaintiffs' loan. Furthermore, Impac failed to disclose fees and the true interest rate for the loan.

15. Impac also initially serviced the Plaintiffs mortgage loan. At some point in time, Impac sold Plaintiff's mortgage loan to Defendant Countrywide.

3

16. Plaintiffs were told that they were approved for an ARM loan. Defendant Impac did not request tax returns or income documents from Plaintiffs. More importantly, Defendant Impac must have realized that Plaintiffs would not qualify for this ARM loan with Plaintiffs' actual income; thus inflating the Plaintiffs' income.

17. Defendant Impacc did not request from Plaintiffs any "other" liquid assets that would have been associated with Plaintiffs' income. Even if Plaintiffs had been asked for "other" liquid assets they would not have been able to provide because they did not have those assets, such as 401K's, SEP's, IRA, Stocks/bonds and mutual funds. Based on the lack of "other" assets, a letter of explanation would have been probably required by Defendant Impac; however, Plaintiffs did not write or provide a letter of explanation to Defendant Impac.

18. Defendant Impac's abuse of the stated income loan by grossly over stating Plaintiffs' income to obtain the loan approval is labeled a "Liar's Loan," and it was deceiving and harmful to the Plaintiffs.

19. Plaintiffs were not required to provide 3 months of verified assets totaling at least one year's worth of stated income to Defendant Impac as would have been required. Plaintiffs never received a signed or dated Uniform Residential Loan Application 1003 as required, until they requested it from the Defendants.

20. Plaintiffs' Uniform Residential Loan Application 1003 was not provided to them within 3 days of the closing/settlement date complete with loan terms and an accurate Good Faith Estimate (hereinafter "GFE"). Defendant Impac failed to provide Plaintiffs with the required Loan Application with loan terms and an accurate GFE; nor did Plaintiffs receive information about their initial discussion with Defendant Impac.

21. Plaintiffs never received a GFE within 3 days of their application, or at any time during the loan process or even at closing. Plaintiffs were never told what rate they would be receiving, until the day of closing/settlement. Thus, Plaintiffs were not able to review the terms of their loan and make an informed decision as to whether they were getting a loan they could afford, and to give them time to shop around for another loan if they chose to compare costs.

22. Plaintiffs were not provided a copy of their loan application through the loan process, a GFE, or a Truth-in-Lending (hereinafter "TIL") calculation from Defendant Impac.

23. Plaintiffs did not receive all of their signed and dated loan documents from Defendant Impac, as required by law at closing/settlement.

4

24. Plaintiffs were never told how their interest rate would increase, how the adjustments would affect their principal balance, nor that they would be making payments that would not cover the interest accruing on the loan, resulting in a Negative Amortization. They understood nothing of these loan terms and how they affect their loan and payments or what Negative Amortization meant until they noticed that their principal balance was increasing every month regardless of their monthly payments being made.

25. Plaintiffs loan documents were not explained to them at the settlement/closing table, and they were not given all the details to allow them to fully understand what they were entering into. Plaintiffs were rushed through the closing. They were told to just sign the documents where their signatures were to be affixed.

26. Plaintiffs never received a GFE from Defendants, as required by RESPA to be provided to the Plaintiffs within 3 days of the days of application for the mortgage loan. Because the Plaintiffs were not provided a GFE, they were charged a non-disclosed fee on the HUD Settlement Statement, line #801 a Loan Origination fee and shown on line #205 as Lender Credit, nor were Plaintiffs given proper explanation of what the Origination fee was. This indicates that it is Inverted Yield Spread, which is actually a deceptive way to disclose Yield Spread Premium, which increases the interest rate above what the client qualified for and increases their rate and cost over the term of their loan. Plaintiffs were unaware that this potentially costs them a higher rate and payment than they qualified for, nor were they given the opportunity to buy a lower rate from the bank.

27. If Defendants had properly disclosed or explained the Origination fee to the Plaintiffs, Plaintiffs would have discovered that adding the inverted yield spread premium to their loan increased their interest rate and their payments.

28. Plaintiffs have an Adjustable Rate Mortgage; however, they never received the HUD CHARM booklet (Consumer's Guide to Adjustable Rate Mortgages), nor anytime during the loan process, as required to be provided to the Plaintiffs within 3 days of application for an ARM.

29. Plaintiffs' did not receive an appraisal, nor were they aware if an appraisal was completed on the property. Plaintiffs' were never told the value of their home, nor did they ever see a copy of an appraisal if one had been completed.

30. Defendants have also failed to produce the Plaintiffs' actual signed and dated Loan Documents. Without the production of such documents, Defendant Countrywide has failed to establish that they are the true Holder in Due Course of the Plaintiffs' Note. Therefore, Defendant Countrywide cannot be the owner of the Plaintiffs' home without the production of Plaintiffs' actual signed and dated Loan Documents.

<u>**COUNT ONE**</u>
<u>**(TILA VIOLATIONS)**</u>

31. Plaintiffs repeat, reallege and replead all the allegations set forth in paragraphs 1 through 30 inclusive as though the same were fully and specifically set forth in detail in Count I.

32. The disclosure statements issued by Defendant Impac in conjunction with this consumer credit transaction violated the requirements of TILA and Reg. Z in at least the following respects:

    a. they did not provide the required disclosures prior to consummation of the transaction, in violation of 15 U.S.C. § 1638(b) and Regulation Z § 226.17(b).

    b. they did not make required disclosures clearly and conspicuously in writing, in violation of 15 U.S.C. § 1632(a) and Regulation Z § 226.17(a).

    c. they did not properly identify property subject to a security interest in violation of 15 U.S.C. § 1638(a)9 and Regulation Z § 226.18(m).

    d. they did not include in the finance charge certain charges imposed by Defendants payable by Plaintiffs incident to the extension of credit, as required by 15 U.S.C. § 1605 and Regulation Z § 226.18(d). Such amounts include, but are not limited to:

        i. Plaintiffs' Yield Spread Premium, paid out as a broker fee charge, 15 U.S.C. § 1605(a)(6), Regulation Z § 226.4(b)(5);

        ii. Plaintiffs' application fee, 15 U.S.C. § 1605(a)(6);

        iii. Plaintiffs' processing fee, 15 U.S.C. § 1605(a), Regulation Z § 226.4(b);

        iv. Plaintiffs' funding fee, 15 U.S.C. § 1605(a), Regulation Z § 226.4(b);

    e.    By calculating the annual percentage rate (APR) based upon improperly calculated and disclosed finance charges and amount financed, 15 U.S.C. § 1606, Regulation Z § 226.22, the defendant understated the disclosed annual percentage rate in violation of 15 U.S.C. § 1638(a)(4) and Regulation Z § 226.18(e).

    f.    By failing to provide Plaintiffs two (2) notices of the right to rescind or cancel the loan within three (3) days of closing 15 U.S.C. 1641(c) and Regulation Z § 226.15(b).

33.    By reason of the aforesaid violations of the TILA and Reg. Z, Defendants are liable to Plaintiffs in the amount of twice the finance charge, statutory damages, actual damages to be established at trial, and attorneys fees and costs in accordance with 15 U.S.C. § 1640.

34.    As the purchasers of the loan, Defendants Countrywide and Deutsche Bank assumed the liabilities associated with the transaction and are therefore liable.

## COUNT TWO
## (RESPA VIOLATIONS)

35.    Plaintiffs repeat, reallege, replead, and incorporate herein by reference all previous allegations set forth in previous paragraphs.

36.    The disclosure statement issued by Defendant Impac in conjunction with this consumer credit transaction violated the requirements of RESPA in at least the following respects:

    a.    Plaintiffs were not given the HUD adjustable rate loan booklet within three (3) days of making his loan application in violation of Regulation X, 24 C.F.R. § 3500.6(a)(10.

    b.    Plaintiffs were not given the Good Faith Estimate (GFE) or the Residential Loan Application within three (3) days of making their loan application in violation of Regulation X, 24 C.F.R. § 3500.7(a)(1); 12 U.S.C. 260.4(c); Regulation Z, 12 C.F.R. § 226.19(a).

7

    c.    By failing to disclose in the Good Faith Estimate (GFE) or any other preliminary disclosure that there would be a yield spread premium (YSP) charged to the Plaintiffs in violation of Regulation X, 24 C.F.R. § 3500.14(b),(c),(e), and (f).

    d.    Overstatement of income on loan application.

37.    As the purchasers of the loan, Defendants Countrywide and Deutsche Bank assumed the liabilities associated with the transaction and are therefore liable.

## COUNT THREE
## (HOEPA VIOLATIONS)

38.    Plaintiffs repeat, reallege, replead, and incorporate herein by reference all previous allegations set forth in previous paragraphs.

39.    Defendant Impac violated 15 U.S.C. § 1639 et. seq., and Regulation Z, 12 C.F.R. § 226.1 et. seq., by:

    a.    Inducing Plaintiffs into a negative amortization loan, when a fixed rate could have been available to them.

40.    As the purchasers of the loan, Defendants Countrywide and Deutsche Bank assumed the liabilities associated with the transaction and are therefore liable.

## COUNT FOUR
## (BREACH OF FIDUCIARY DUTY)

41.    Plaintiffs repeat, reallege, replead, and incorporate herein by reference all previous allegations set forth in previous paragraphs.

42.    That special circumstances existed that gave rise to a fiduciary duty on the part of all Defendants toward the Plaintiffs. By their actions, the Defendants violated their fiduciary duty, and the Plaintiffs incurred injury and damages as a direct and proximate result of that breach.

## COUNT FIVE
## (CONSPIRACY)

43. Plaintiffs repeat, reallege, replead, and incorporate herein by reference all previous allegations set forth in previous paragraphs.

44. Regarding the Defendants' misrepresentation and/or concealment of the true nature and true cost of the loan made to Plaintiffs, Defendants agreed to engage in an unlawful act, or a lawful act in an unlawful manner, causing damages to the Plaintiffs by way of an overt act or acts done by one or more of the Defendants, which overt act(s) was done in furtherance of the agreement.

45. As a direct and proximate result of the conspiracy entered into and executed on the Plaintiffs by the Defendants, the Plaintiffs incurred injury and damages.

46. As the purchasers of the loan, Defendants Countrywide and Deutsche Bank assumed the liabilities associated with the transaction and are therefore liable.

## COUNT SIX
## (PROCEDURAL AND SUBSTANTIVE UNCONSCIONABILITY)

47. Plaintiffs repeat, reallege, replead, and incorporate herein by reference all previous allegations set forth in previous paragraphs.

48. Because of deceit, inequality of bargaining power, lack of negotiation of terms, and unfair surprise, the circumstances surrounding the Plaintiffs entering the contract were procedurally unconscionable. In addition, the essential substantive terms of the contract entered into by the Plaintiffs with the Defendants are unfair and unreasonable, are unexpectedly harsh, and are against public policy. Further, there was no voluntary meeting of the minds of the parties to the contract, as the Plaintiffs had no reasonable opportunity to understand the terms of the contract because they were hidden from the Plaintiffs, both by deceit and in fine print. Consequently, the loan contract is unenforceable due to its procedural and substantive unconscionability.

## COUNT SEVEN
## (PROMISSARY ESTOPPEL AND DETRIMENTAL RELIANCE)

49. Plaintiffs repeat, reallege, replead, and incorporate herein by reference all previous allegations set forth in previous paragraphs.

50. The Defendants made clear and unambiguous promises to the Plaintiffs, which the Plaintiffs relied upon those promises by taking certain actions and or forbearing from taking other actions, and the Plaintiffs' reliance on those promises was both reasonable and foreseeable.

51. The facts demonstrate that the Defendants breached their contractual obligation of good faith. The Defendants, by engaging in illegal conduct, failed to honor their original promises and obligations, failed to provide disclosures, discount points, switching loans, charging excessive fees about the market rate, engaging in anti-competitive and unfair methods of commerce pursuant to 15 U.S.C. § 45. The false representations made orally and in writing by Defendants resulted in damage to the Plaintiffs. As a direct and proximate result of the reliance on the Defendants' promises, the Plaintiffs incurred injury and damages. Therefore, the Plaintiffs are entitled to damages the exact amount to be proven at or before the time of trial.

52. As the purchasers of the loan, Defendants Countrywide and Deutsche Bank assumed the liabilities associated with the transaction and are therefore liable.

## COUNT EIGHT
## (MISTAKE OF FACT)

53. Plaintiffs repeat, reallege, replead, and incorporate herein by reference all previous allegations set forth in previous paragraphs.

54. The Plaintiffs were mistaken in fact as to the contractual terms of the loan; thus, there were no meeting of the minds with respect to the actual loan terms, rendering the contract voidable at the option of the Plaintiffs, and entitling them to damages as a matter of law.

## COUNT NINE
## (CONSTRUCTIVE FRAUD)

55. Plaintiffs repeat, reallege, replead, and incorporate herein by reference all previous allegations set forth in previous paragraphs.

56. The Defendants made a false representation of material fact, innocently or negligently to the Plaintiffs.

57. Plaintiffs suffered damages as a result of their reliance on the misrepresentation made by the Defendants.

58. Defendants false representation was made so as to induce the Plaintiffs to believe it, with the intent that the Plaintiffs would act on this representation.

59. As the purchasers of the loan, Defendants Countrywide and Deutsche Bank assumed the liabilities associated with the transaction and are therefore liable.

## COUNT TEN
## (ACTUAL FRAUD)

60. Plaintiffs repeat, reallege, replead, and incorporate herein by reference all previous allegations set forth in previous paragraphs.

61. Defendants made false representations or omissions of material facts to the Plaintiffs that were made intentionally and knowingly with the intent to mislead the Plaintiffs.

62. Plaintiffs reasonable relied on the Defendants false representation or omission of material fact.

63. Plaintiffs suffered damages as a result of their reliance on the misrepresentation or omission by the Defendants.

64. As the purchasers of the loan, Defendants Countrywide and Deutsche Bank assumed the liabilities associated with the transaction and are therefore liable.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray and demand judgment and relief against the Defendants for statutory damages, actual damages, punitive damages and/or treble damages, attorneys fees, costs, rescission of their loan, enjoin Defendants during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining proceedings to foreclose and gain possession of the Plaintiffs' property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiffs of ownership of that property, and for such other and further relief as the Court deems just and equitable.

## JURY DEMAND

The Plaintiffs hereby demand a trial by jury on all issues so triable.

Bradley S. Deutchman
Attorney for Plaintiffs

Brown, Brown & Brown, P.C.
6269 Franconia Road
Alexandria, Virginia 22310
703.924.0223
fax 703.924.1586
cbrown@bbbpc.net